IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| EDGAR W. HOWARD, also known as : | |
| Rev. James W. Taylor, : | |
| Plaintiff, : | |
| : | CIVIL ACTION NO. |
| v. : | 1:05-CV-1175-JOF |
| : | |
| WARDEN ALEXIS E. L. CHASE, : | |
| Defendant. : | |

**OPINION AND ORDER**

This matter is before the court on the Report and Recommendation of Magistrate Judge E. Clayton Scofield III [6-1]; Petitioner's motion to appoint counsel [8-1]; Petitioner's motion to appoint counsel [9-1]; Petitioner's motion for a hearing, motion for service, motion for writ of habeas corpus ad testificandum [10-1]; motion to allow evidence of void judgment [11-1]; motion for writ of habeas corpus ad testificandum [12-1]; motion for a writ of mandamus [13-1]; motion for appointment of federal monitor/investigator [14-1]; and motion for discovery [15-1].

Petitioner filed a writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge the constitutionality of his convictions in the Superior Court of DeKalb County and the State Board of Pardons and Paroles' failure to release him on parole. Petitioner contended that he was tried a second time without being re-indicted, was not given sufficient time to prepare for the second trial, and the prosecution relied on evidence presented in his first trial to obtain

the convictions. He also states that on January 21, 2005, the State Board of Pardons and Paroles agreed to transfer him and release him on parole in Ohio if certain conditions were met. Petitioner contends he has met some of those conditions, and the Board still refuses to release him.

In a Report and Recommendation dated June 6, 2005, Magistrate Judge E. Clayton Scofield III noted that Petitioner previously filed two federal habeas corpus petitions challenging the same DeKalb County convictions. On August 8, 1994, the first petition was denied on the merits. *See Howard v. Gaither*, Civil Action No. 1:94-CV-815-RHH. His second petition was dismissed for abuse of the writ. *See Howard v. Sharpe*, Civil Action No. 1:96-CV-2505-GET. Because Petitioner had previously filed two § 2254 motions, the Magistrate Judge recommended that Petitioner's motion be dismissed for failure to seek permission from the United States Court of Appeals for the Eleventh Circuit before filing. *See generally* 28 U.S.C. § 2244(b)(3)(A). The Magistrate Judge also concluded that Petitioner could not raise a claim with respect to his parole situation because a Georgia inmate has no constitutionally protected interest in being released on parole. *See Sultenfuss v. Snow*, 35 F.3d 1494 (11th Cir. 1994). Further, the Magistrate Judge noted that Petitioner, himself, admitted that he had not satisfied the requirement of the Board that he provide an address to where he would be paroled.

In his objections, Petitioner, for the first time, clarifies that he did file a motion with the Court of Appeals seeking permission to file a second or successive habeas corpus

petition. Petitioner did not attach a copy of the Court of Appeals' order to his objections, but the court has obtained the order from the Court of Appeals. The Court of Appeals stated that if any of Petitioner's previous habeas corpus petitions were denied with prejudice, authorization under § 2244(b)(3)(A) would be necessary. *See In re: Edgar W. Howard*, No. 05-11599-B, dated April 14, 2005. With respect to Petitioner's re-indictment claim, the Court of Appeals rejected Petitioner's argument that such a claim relied on newly discovered evidence and denied Petitioner's application for leave to file a second or successive petition with regard to this claim. *Id.*

The Court of Appeals then turned to Petitioner's parole claim and noted that it could not have been raised in a previous petition and therefore was not second or successive and he did not need permission from the Court of Appeals to raise this claim. *Id.* In his objections, Petitioner provides, for the first time, that he had given his counselor three different addresses in Ohio, and each was turned down by the Board. He states he has now applied to be put in a nursing home. He further avers that he has answered a detainer in Ohio, and Ohio has dropped all of its charges against him.

The court agrees with the Report and Recommendation of the Magistrate Judge that Petitioner has no constitutionally protected interest in being released on parole. Furthermore, in *Peoples v. Chapman*, 393 F.3d 2352 (11th Cir. 2004), and *Thomas v. Crosby*, 371 F.3d 782 (11th Cir. 2004), the Court of Appeals clarified that a petitioner filing a habeas corpus application challenging a decision of a parole board must comply with the procedures and

restrictions of both § 2241 and § 2254.  Petitioner has not shown he has exhausted his state court remedies with respect to his challenge to the decision of the Board.

For the foregoing reasons, the court ADOPTS AS MODIFIED the Report and Recommendation of the Magistrate Judge [6-1].  The Clerk of the Court is DIRECTED to DISMISS Petitioner's application for a writ of habeas corpus [1-1].

The court DENIES Petitioner's motion to appoint counsel [8-1]; DENIES Petitioner's motion to appoint counsel [9-1]; DENIES Petitioner's motion for a hearing, motion for service, motion for writ of habeas corpus ad testificandum [10-1]; DENIES motion to allow evidence of void judgment [11-1]; DENIES motion for writ of habeas corpus ad testificandum [12-1]; DENIES motion for a writ of mandamus [13-1]; DENIES motion for appointment of federal monitor/investigator [14-1]; and DENIES motion for discovery [15-1].

**IT IS SO ORDERED** this 5th day of January 2006.

　　　　　　　　　　　　　　　　　　　s/ J. Owen Forrester
　　　　　　　　　　　　　　　　　　J. OWEN FORRESTER
　　　　　　　　　　　　　　　SENIOR UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)