IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

EDGAR W. HOWARD, also known as :
Rev. James W. Taylor, :
 :
       Petitioner, :
 : CIVIL ACTION NO.
   v. : 1:05-CV-1175-JOF
 :
WARDEN ALEXIS E. L. CHASE, :
 :
       Respondent. :

## OPINION AND ORDER

This matter is before the court on Petitioner's motion for a certificate of appealability [21-1]; Petitioner's motion to proceed *in forma pauperis* on appeal [25-1]; and Petitioner's motion for appointment of counsel on appeal [26-1].

Petitioner, Edgar W. Howard, filed a writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge the constitutionality of his convictions in the Superior Court of DeKalb County and the State Board of Pardons and Paroles' failure to release him on parole. Petitioner contended that he was tried a second time without being re-indicted, was not given sufficient time to prepare for the second trial, and the prosecution relied on evidence presented in his first trial to obtain the convictions. He also stated that on January 21, 2005, the State Board of Pardons and Paroles agreed to transfer him and release him on parole in

Ohio if certain conditions were met. Petitioner contended he met some of those conditions, and the Board still refused to release him.

In a Report and Recommendation dated June 6, 2005, Magistrate Judge E. Clayton Scofield III noted that Petitioner previously filed two federal habeas corpus petitions challenging the same DeKalb County convictions. Because Petitioner had previously filed two § 2254 motions, the Magistrate Judge recommended that Petitioner's motion be dismissed for failure to seek permission from the United States Court of Appeals for the Eleventh Circuit before filing. *See generally* 28 U.S.C. § 2244(b)(3)(A). The Magistrate Judge also concluded that Petitioner could not raise a claim with respect to his parole situation because a Georgia inmate has no constitutionally protected interest in being released on parole. *See Sultenfuss v. Snow*, 35 F.3d 1494 (11th Cir. 1994).

In his objections, Petitioner clarified that he did file a motion with the Court of Appeals seeking permission to file a second or successive habeas corpus petition. *See In re: Edgar W. Howard*, No. 05-11599-B, dated April 14, 2005. With respect to Petitioner's re-indictment claim, the Court of Appeals rejected Petitioner's argument that such a claim relied on newly discovered evidence and denied Petitioner's application for leave to file a second or successive petition with regard to this claim. *Id.* The Court of Appeals then turned to Petitioner's parole claim and noted that it could not have been raised in a previous petition and therefore was not second or successive and he did not need permission from the Court of Appeals to raise this claim. *Id.*

2

In an order dated January 5, 2006, the court agreed with the Report and Recommendation of the Magistrate Judge that Petitioner has no constitutionally protected interest in being released on parole. Furthermore, in *Peoples v. Chatman*, 393 F.3d 1352 (11th Cir. 2004), and *Thomas v. Crosby*, 371 F.3d 782 (11th Cir. 2004), the Court of Appeals clarified that a petitioner filing a habeas corpus application challenging a decision of a parole board must comply with the procedures and restrictions of both § 2241 and § 2254. Petitioner had not shown he has exhausted his state court remedies with respect to his challenge to the decision of the Board. For those reasons, the court adopted as modified the Report and Recommendation of the Magistrate Judge and dismissed Petitioner's application for a writ of habeas corpus.

In the instant motions, Petitioner contends that the Magistrate Judge "fabricated" the information in his Report and Recommendation, the district court conspired with the Magistrate Judge to dismiss the habeas corpus petition, and the district court violated his rights by failing to hold an evidentiary hearing. The court also notes that Petitioner indicates that he intends to appeal to the United States Supreme Court. However, the United States Court of Appeals for the Eleventh Circuit is the proper court for Petitioner's appeal and Petitioner's appeal has been docketed with the Eleventh Circuit.

The Eleventh Circuit has set forth the following instructions when considering a certificate of appealability:

3

AO 72A
(Rev.8/82)

> In *Slack*, the Supreme Court clearly laid out the tests that courts should apply in deciding whether to grant a COA, both as to claims disposed of by the district court on the merits and those disposed of on procedural grounds. "Where a district court has rejected the constitutional claims on the merits, . . . [t]he petitioner [seeking a COA] must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604. Where a district court has disposed of claims raised in a habeas petition on procedural grounds, a COA will be granted only if the court concludes that "jurists of reason" would find it debatable both "whether the petition states a valid claim of the denial of a constitutional right" and "whether the district court was correct in its procedural ruling." *Franklin*, 215 F.3d at 1199 (quoting *Slack*, 529 U.S. at 483, 120 S. Ct. at 1604).

*Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir. 2001). Having reviewed Petitioner's claims, the court determines that Petitioner has not demonstrated that the issues are debatable among reasonable jurists, that a court *could* resolve the issues differently, or that the questions are adequate to deserve encouragement to proceed further. Accordingly, the court DENIES Petitioner's motion for a certificate of appealability [21-1].

Petitioner also files a motion to proceed on appeal *in forma pauperis*. Typically, before a litigant may proceed with his appeal *in forma pauperis*, this court must determine whether the appeal is taken in good faith. Fed. R. App. P. 24(a); 28 U.S.C. § 1915(a). An appeal is not taken in good faith when the litigant seeks review of issues which are frivolous. *Ellis v. United States*, 356 U.S. 674 (1958); *Parsell v. United States*, 218 F.2d 232, 236 (5th Cir. 1955).[1] *See also Coppedge v. United States*, 369 U.S. 438, 445 (1962) (frivolity is

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions that the former Fifth Circuit rendered prior

4

judged from objective standard). An appeal is frivolous when the issues are without arguable merit and therefore futile. *Pace v. Evans*, 709 F.2d 1428, 1429 (11th Cir. 1983) (citations omitted). For the reasons explained in the court's order denying Petitioner's § 2254 motion, the court finds that the issues Petitioner would raise on appeal are without arguable merit. Accordingly, the court DENIES Petitioner's motion to appeal *in forma pauperis* [25-1].

In a letter, Petitioner indicates that he would like for the court to appoint him counsel because he is legally blind. The appointment of counsel is a "privilege that is justified only in exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner." *Dean v. Barber*, 951 F.2d 1210, 1216 (11th Cir. 1992) (internal quotations omitted). Moreover, the district court has broad discretion in making the decision whether or not to appoint counsel. *See Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999).

The history of this litigation indicates that Petitioner has been active in presenting his application for a writ of habeas corpus and filing objections to the Report and Recommendation of the Magistrate Judge, as well as numerous other motions. Petitioner has not explained to the court any change in his circumstances from the filing of those documents which would warrant the appointment of counsel now. Therefore, the court DENIES Petitioner's motion for an appointment of counsel [26-1].

---

to October 1, 1981.

The court DENIES Petitioner's motion for a certificate of appealability [21-1]; DENIES Petitioner's motion to proceed *in forma pauperis* on appeal [25-1]; and DENIES Petitioner's motion for appointment of counsel on appeal [26-1].

**IT IS SO ORDERED** this 28th day of February 2006.

                                                          s/ J. Owen Forrester
                                                          J. OWEN FORRESTER
                                      SENIOR UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)